### No. 11

### MAYNES et v. ROSEN

Ohio Appeals, 6th Dist., Lucas Co.

No. 1688.  Decided Nov. 15, 1926

Judges Shields, Houck and Lemert, 5th Dist., sitting.

658.  INTERROGATORIES—Reversible error for court to refuse to submit to the jury interrogatories involving probative facts from which the ultimate facts can be inferred as a matter of law.

HOUCK, J.

Henry Rosen commenced suit in the Lucas Common Pleas against Daniel Maynes et al. as partners, alleging a written agreement, this action being based upon a breach of contract for the manufacture of a can opening device. Rosen obtained judgment for $6000.

Maynes raised the question as to whether or not Rosen afforded him an opportunity for inspection to ascertain whether or not the manufactured goods conformed to sample. By requests sought to have the court charge that he ha dthe right to an examination of the bulk

of the goods in order to ascertain whether they were of the quality of the sample. This charge was refused as were several others, and questions of fact submitted were not permitted to be answered by the jury.

Error was prosecuted and the Court of Appeals held:—

1. Sec. 11463 GC. provides:—"When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon, etc."·

2. The trial court committed prejudicial error in refusing to submit the interrogatories to the jury to be answered by it.

3. It is the duty of the court as part of its judgment to make answer to all interrogatories involving probative facts from which the ultimate facts can be inferred as a matter of law, and its failure to do so is reversible error. 104 OS. 149.

Judgment therefore reversed.

(Shields and Lemert, JJ., concur.)

Attorneys—Hackett & Lynch for Maynes; Johnson, Johnson & Farber for Rosen; all of Toledo.